'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARIA ROSENGREN, | CV 22-848-RSWL-PDx |
|---|---|
| Plaintiff, | **ORDER re:** |
| v. | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** [18] |
| SF MARKETS, LLC, | |
| Defendant. | |

Plaintiff Maria Rosengren ("Plaintiff") brings this Action, asserting claims for general negligence, premises liability, and negligent infliction of emotional distress. Currently before the Court is Defendant SF Markets, LLC's ("Defendant") Motion for Summary Judgment. Plaintiff failed to file an opposition or an objection.

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion.

1

## I. BACKGROUND

### A. Factual Background

Defendant operates a grocery store (the "Store") in Simi Valley, California. Def.'s Statement of Uncontroverted Facts ("Def.'s SUF") No. 1, ECF No. 18-3.[1] In 2019, it was the Store's regular policy to conduct an hourly visual inspection "sweep" of the entire Produce Department floor, which includes the Store's entrance. Sobrino Decl. ¶ 7, ECF No. 18-1. When conducting the sweeps, employees would use a mop or push broom to clear trash and dropped items off the floor. Id. ¶ 8. Employees conducting the sweeps were required to clock-in upon completion. Id. Employees were further instructed that they must clean up any potential slipping or tripping hazards when spotted. Id. ¶ 9.

On July 9, 2019, Plaintiff entered the Store at 1:14:24 p.m. See Def.'s Mot., Ex. A, ECF No. 18-6. Four seconds after entering the Store, Plaintiff slipped and fell on a cherry on the floor next to the front left corner of the Produce Display. See id. Before falling,

---

[1] The Court relies on Defendant's Statement of Uncontroverted Facts [18-3] as Plaintiff has not disputed the facts stated therein. See C.D. Cal. L.R. 56-3 ("the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent such facts are . . . controverted by [] written evidence filed in opposition to the motion."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (holding that a fact is considered controverted only where a "genuine" factual dispute exists).

Plaintiff was not looking at the floor nor did she see the cherry. Def.'s SUF Nos. 46-47. Plaintiff does not know how the cherry came to be on the floor nor does she know how long the cherry was on the floor before she fell. Id. Nos. 48-49.

On July 9, 2019, Joshua Reed ("Mr. Reed"), a Store employee, mopped around the front left corner of the Produce Display three times in the afternoon. See Def.'s Mot., Ex. A. Mr. Reed finished mopping around the front left corner of the Produce Display at 12:49:26 p.m. See id. A little after 1:00 p.m., Mr. Reed completed his sweep around the Store. See Def.'s Mot., Ex. B, ECF No. 18-7. Other than Plaintiff's fall, Defendant received no reports or complaints regarding a slip or fall at the Store on July 9, 2019. Sobrino Decl. ¶ 16.

B. **Procedural Background**

Shortly after Plaintiff filed her Complaint, Defendant removed to this Court [1] and filed an Answer. Defendant filed the instant Motion [18] on December 15, 2022. Plaintiff has not filed an opposition to Defendant's Motion.

II. DISCUSSION

A. **Legal Standard**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is

"material" if it might affect the outcome of the suit, and the dispute is "genuine" if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson, 477 U.S at 248.

The moving party bears the initial burden of proving the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof at trial, the moving party need only show "an absence of evidence to support the nonmoving party's case." Id. at 325. If the moving party meets its burden, the burden then shifts to the nonmoving party to present "specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S at 250. The nonmoving party "must show more than the mere existence of a scintilla of evidence . . . or some 'metaphysical doubt' as to the material facts at issue." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

The evidence, and all reasonable inferences based on underlying facts, must be construed in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). In reviewing the record, the court's function is not to weigh the evidence but only to determine if a genuine issue of material fact exists. Anderson, 477 U.S. at 255. "A district court's ruling on a motion for summary judgment may only be based on admissible evidence." In re Oracle Corp. Sec. Litig., 627 F.3d at 385. "While the evidence presented at the

1 summary judgment stage does not yet need to be in a form
2 that would be admissible at trial, the proponent must
3 set out facts that it will be able to prove through
4 admissible evidence." Norse v. City of Santa Cruz, 629
5 F.3d 966, 973 (9th Cir. 2010).
6 **B. Discussion**
7     Plaintiff does not oppose the present motion.  In
8 the absence of an opposition, the Court nevertheless
9 decides a motion for summary judgment on its merits.
10 See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 (9th Cir.
11 1994) (holding that an unopposed motion for summary
12 judgment may be granted only after the court determines
13 there are no material issues of fact).  Therefore,
14 Defendant must still meet its burden of showing the
15 absence of a genuine issue of material fact.
16     1.  General Negligence and Premises Liability
17         Claims
18     Plaintiff's first two claims are for general
19 negligence and premises liability.  See generally
20 Compl., ECF No. 1.  Premises liability is a type of
21 negligence, and the same analysis applies to both.
22 Mirtaheri v. Sprouts Farmers Mkt., Inc., No. 2:20-cv-
23 05351-SB-RAO, 2021 U.S. Dist. LEXIS 252179, at *9
24 (C.D. Cal. Dec. 29, 2021).  Therefore, to establish
25 liability on a premises liability or negligence theory,
26 "a plaintiff must prove duty, breach, causation, and
27 damages." Conroy v. Regents of Univ. of Cal., 45 Cal.
28 4th 1244, 1250 (2009).

1    "It is well established in California that although
2 a store owner is not an insurer of the safety of its
3 patrons, the owner does owe them a duty to exercise
4 reasonable care in keeping the premises reasonably
5 safe." Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205
6 (2001). "A store owner exercises ordinary care by
7 making reasonable inspections of the portions of the
8 premises open to customers, and the care required is
9 commensurate with the risks involved." Id.
10    Here, Defendant required its employees to conduct
11 hourly visual inspection sweeps of the Produce
12 Department and surrounding floor, and the employees were
13 required to clock-in upon completion of the sweeps.
14 Def's SUF Nos. 4-6. However, performing visual
15 inspection sweeps is not enough to avoid liability. See
16 Alacan v. Target Corp., No. CV 14-04564-AB (VBKx), 2015
17 U.S. Dist. LEXIS 178484, at *6 (C.D. Cal. June 26,
18 2015). The store owner must lack actual or constructive
19 knowledge of the dangerous condition that caused the
20 plaintiff's fall. Id. It is Plaintiff's burden to show
21 that Defendant either had actual or constructive
22 knowledge of the dangerous condition and is therefore
23 liable. Id. at 6-7.
24        a.  *Actual Knowledge of a Dangerous Condition*
25    "The 'mere possibility' that a defendant had notice
26 of a dangerous condition is not enough to impose
27 liability under California law." Alacan, 2015 U.S.
28 Dist. LEXIS 178484, at *8. In Mirtaheri v. Sprouts

Farmers Market, Inc., an employee walking over a spill was not on its own sufficient to show that the employee or the store had actual notice of the spill. 2021 U.S. Dist. LEXIS 252179, at *11. Here, not only did Defendant's employees not walk over the cherry, but they did not walk even near the cherry before Plaintiff's fall. See Def.'s Mot., Ex. A. On top of this, Plaintiff presented no evidence of Defendant having actual notice.

Here, Plaintiff cannot show that Defendant had actual knowledge of the spilled cherry. Plaintiff does not know how the cherry came to be on the floor or for how long it was there before she fell. Def's SUF Nos. 48-49. Furthermore, Plaintiff is unaware of anyone else slipping on the floor at the Store and Defendant received no other reports or complaints of people slipping that day. Id. Nos. 50-51. Therefore, Plaintiff cannot show that Defendant had actual knowledge of the dangerous condition.

      b. *Constructive Knowledge of a Dangerous Condition*

Plaintiff also cannot show that Defendant had constructive knowledge of the dangerous condition. Although the question is usually one for the jury, "lack of constructive knowledge can be determined as a matter of law if it is undisputed that an inspection occurred within a short enough amount of time prior to the incident, such that the condition could not have existed

7

1  for any longer than that short interval." Castrellon v.
2  Costco Wholesale Corp., No. CV 20-3295-DMG (ASx), 2021
3  U.S. Dist. LEXIS 114456, at *5 (C.D. Cal. June 17,
4  2021).
5      "As a general proposition, if there is undisputed
6  evidence that an active inspection of the relevant area
7  occurred less than [thirty] minutes before the accident,
8  summary judgment in favor of the store owner is
9  appropriate; if not, the question should be resolved by
10 a jury." Satamian v. Costco Wholesale Corp., No. 2:20-
11 cv-05776-VAP-ASx, 2021 U.S. Dist. LEXIS 201196, at *12
12 (C.D. Cal. June 25, 2021); Cardoza v. Target Corp.,
13 No. CV 17-2232-MWF (RAOx), 2018 U.S. Dist. LEXIS 117106,
14 at *8 (C.D. Cal. June 22, 2018) ("As a general
15 proposition, California courts apply a [thirty]-minute
16 threshold for submitting questions of actual notice to a
17 jury[.]"); Alacan, 2015 U.S. Dist. LEXIS 178484, at *10
18 ("This is consistent with the rulings of California
19 courts, where nothing less than thirty minutes between
20 the last inspection and a plaintiff's fall has been held
21 to raise a genuine dispute of material fact or
22 sufficient to uphold a plaintiff's verdict.").
23     Here, Mr. Reed mopped around the front left corner
24 of the Produce Display at 12:49:26 p.m. See Def.'s
25 Mot., Ex. A. About thirty-three seconds after Mr.
26 Reed's sweep, a cherry lay on the floor where Mr. Reed
27 performed his sweep. See id. Mr. Reed did not cause
28 the cherry to be on the floor, as the Store video

8

surveillance appears to show a Store customer dropping the cherry after Mr. Reed's sweep was completed. See id. At 1:14:28 p.m., Plaintiff slipped and fell on that cherry at the front left corner of the Produce Display. See id. This is at most about a twenty-five-minute gap between a store inspection and a dangerous condition being left on the floor.

A more thorough inspection and cleaning by Mr. Reed would not have helped to detect or remedy a spilled cherry that had not fallen to the floor yet. Under California law, because the evidence is undisputed that Mr. Reed inspected the area less than thirty minutes before Plaintiff's accident, Plaintiff cannot show that Defendant had constructive knowledge of a dangerous condition in the Store. See Satamian, 2021 U.S. Dist. LEXIS 201196, at *12; Castrellon, 2021 U.S. Dist. LEXIS 114456, at *8; Alacan, 2015 U.S. Dist. LEXIS 178484, at *10.

Therefore, because Plaintiff has produced no evidence that Defendant had actual or constructive knowledge of a dangerous condition in sufficient time to correct it, Defendant is entitled to summary judgment on Plaintiff's claims for premises liability and negligence.

    2. Negligent Infliction of Emotional Distress Claim

In California, "[n]egligent infliction of emotional distress is a form of the tort of negligence, to which

the elements of duty, breach of duty, causation and damages apply." Huggins v. Longs Drug Stores Cal., Inc., 6 Cal. 4th 124, 129 (1993). To recover under negligent infliction of emotional distress, a plaintiff must prove that the defendant's conduct meets the four elements of negligence. Roberts v. Orange Glo, No. 2:14-000421 WBS DAD, 2014 U.S. Dist. LEXIS 156771, at *8 (E.D. Cal. Nov. 4, 2014); see also Dunkins v. Cty. of San Bernardino, No. CV 12-01432 MMM (SPx), 2013 U.S. Dist. LEXIS 208639, at *44 (C.D. Cal. Nov. 6, 2013) (holding that a plaintiff's negligent infliction of emotional distress claim is simply a negligence claim).

Here, given that Defendant lacked actual or constructive notice of the dangerous condition that caused Plaintiff's injuries, Plaintiff is unable to prove the causation element of negligence. See Bean v. Costco Wholesale Corp., 561 F. Supp. 3d 915, 920 (E.D. Cal. 2021) ("California slip and fall plaintiffs must prove the store owner had actual or constructive notice of a dangerous condition prior to the plaintiff's injury to establish causation.") Therefore, given that Plaintiff cannot prove one of the necessary elements, Defendant is entitled to summary judgment on Plaintiff's claim for negligent infliction of emotional distress.

Thus, the Court **GRANTS** Defendant's Motion for Summary Judgment.

///
///

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment.  The Court enters judgment in favor of Defendant and against Plaintiff on Plaintiff's general negligence, premises liability, and negligent infliction of emotional distress claims.

**IT IS SO ORDERED.**

DATED: March 13, 2023     /s/Ronald S.W. Lew
                          **HONORABLE RONALD S.W. LEW**
                          Senior U.S. District Judge